**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2138
_____

ALBERT NAH,
                                                    Appellant

v.

CARVANA CO.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:25-cv-04300)
District Judge:  Honorable Edward S. Kiel
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 9, 2025

Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: October 20, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Albert Nah appeals pro se from an order of the District Court dismissing his civil complaint with prejudice. For the following reasons, we will affirm the District Court's judgment.

Nah filed a complaint against Carvana Co., an online used car retailer, alleging claims for breach of contract and breach of the implied covenant of good faith and fair dealing. He applied to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915(a)(1). In an order entered May 27, 2025, the District Court considered the application, but could not conclude from the information provided whether Nah was unable to pay the filing fee, and, thus, whether he was eligible to proceed IFP. Nevertheless, in that same order, the District Court used its authority to screen the complaint, and dismissed it with prejudice after determining that the claims were frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i); see also Brown v. Sage, 941 F.3d 655, 659-60 (3d Cir. 2019) (en banc) (holding that "a court has authority to dismiss a case 'at any time,' [under § 1915(e)(2)], regardless of the status of a filing fee"). Nah timely appealed.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's sua sponte dismissal of the complaint as frivolous under § 1915(e)(2)(B)(i). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020). "To be frivolous, a claim must rely on an

2

'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." <u>Mitchell v. Horn</u>, 318 F.3d 523, 530 (3d Cir. 2003) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989)).

In his complaint, Nah alleged that on March 11, 2025, he sent a package to Carvana that included a "Vehicle Purchase Agreement & Security Agreement, Notice of Tender of Performance,  Notice of Intent to Establish Power of Attorney, and a Durable Power of Attorney," for purposes of purchasing a 2024 Porsche Cayenne.  The package also included "a negotiable instrument with a restrictive indorsement as tender of payment."  The next day, Nah filed a UCC Financing Statement with the State of New Jersey, purporting to perfect a security interest in the vehicle.  Carvana allegedly received the package on March 17, 2025, but it "neither acknowledged nor responded" to it.  Nah sent Carvana a "Notice of Default and Opportunity to Cure" on March 31, 2025, but received no response.  He brought suit, claiming that Carvana is liable for breach of contract and breach of implied covenant of good faith and fair dealing based on its failure "to acknowledge, honor, or respond to the tender of performance" or to cure the alleged default.  He sought specific performance and damages.

After considering these allegations and the attached exhibits, we agree with the District Court that the claims are frivolous because there was no enforceable contract. Under New Jersey law, which the District Court properly applied,[1] a contract requires

---

[1] The District Court's jurisdiction over this case was grounded in diversity, <u>see</u> 28 U.S.C.

"offer and acceptance . . . sufficiently definite 'that the performance to be rendered by each party can be ascertained with reasonable certainty.'" Weichert Co. Realtors v. Ryan, 608 A.2d 280, 284 (N.J. 1992) (citation omitted). Thus, for a contract to be binding, "there must be an unqualified acceptance of the offer." Graziano v. Grant, 741 A.2d 156, 162 (N.J. Super. Ct. App. Div. 1999). The facts alleged here do not indicate that Carvana accepted Nah's offer to purchase the vehicle.

"Acceptance may come either from words, creating an express contract, or from conduct, creating a contract implied-in-fact." Id. Nah admits that Carvana did not respond to the offer, and, as the District Court observed, the "Vehicle Purchase Agreement and Security Agreement" attached to the complaint is not signed by either party.[2] In the absence of a response from Carvana, Nah argues that its silence constitutes an acceptance. We disagree. "Silence alone does not ordinarily manifest acceptance."

---

§ 1332. Although Nah cited federal statutes in his complaint, he asserted only state law claims for relief, and he pleaded that he is a resident of New Jersey, Carvana is a Delaware corporation whose principal place of business is in Arizona, and the alleged contract was for more than $75,000. See 28 U.S.C. § 1332(c)(1) (providing that a corporation is "deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). As the forum state, New Jersey law applies. See Stephens v. Clash, 796 F.3d 281, 289 (3d Cir. 2015) (noting that "[a] federal court must apply the substantive laws of its forum state in diversity actions" (citation omitted)).

[2] On appeal, Nah provides a copy of the Agreement which is signed by him. However, our review is limited to evidence which was before the District Court, see Kobell v. Suburban Lines, Inc., 731 F.2d 1076, 1079 n.3 (3d Cir. 1984), and, in any event, the Agreement here is not signed by Carvana.

4

Graziano, 741 A.2d at 162. Although "relationships between the parties or other circumstances may justify the offerors expecting a reply, and, therefore, assuming that silence indicates assent to the proposal," Weichert, 608 A.2d at 284, Nah did not allege any relationship or circumstances from which acceptance of the contract could be implied. In particular, he did not allege that Carvana took the negotiated instrument for value or collection. Cf. id. at 285 (explaining that silence may constitute acceptance where the offeree takes a benefit from the offeror).

Because there was no acceptance by Carvana, there was no valid contract, and, therefore, Nah's claim for breach of contract is baseless.[3] And "[i]n the absence of a contract, there can be no breach of an implied covenant of good faith and fair dealing." Cumberland Farms, Inc. v. N.J. Dep't of Envtl. Prot., 148 A.3d 767, 779 (N.J. Super. Ct. App. Div. 2016) (citation omitted). We therefore agree with the District Court that the claims were frivolous, and that amendment to the complaint would be futile.[4] See

---

[3] We note that, because there was no valid contract between the parties, Nah's attempt to record a security interest in the vehicle, which he admits was filed in New Jersey *before* Carvana allegedly received the package, was invalid. See First Cnty. Nat'l Bank & Tr. Co. v. Canna, 305 A.2d 442, 444 (N.J. Super. Ct. App. Div. 1973) (explaining that "a security interest in collateral cannot be created or established absent an agreement between the parties that it attach" (citation omitted)).

[4] Nah argues on appeal that Carvana violated various federal laws and his constitutional rights. He did not present these claims in the District Court, and therefore we will not consider them. See Del. Nation v. Pennsylvania, 446 F.3d 410, 416 (3d Cir. 2006) (stating that "[a]bsent exceptional circumstances, this Court will not consider issues raised for the first time on appeal").

LaSpina v. SEIU Pa. State Council, 985 F.3d 278, 291 (3d Cir. 2021) (explaining that "leave to amend need not be granted if amendment would be futile or inequitable" (internal quotation marks omitted)).  Accordingly, the District Court properly dismissed the complaint with prejudice.

Based on the foregoing, we will affirm the District Court's judgment.[5]

---

[5] Nah's motion for expedited review is denied.